# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JIMMIE L. CUMMINGS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-144** |
| **ORLEANS PARISH CRIMINAL SHERIFF MARLIN N. GUSMAN** | **SECTION "I" (3)** |

## ORDER AND REASONS

Plaintiff, Jimmie L. Cummings, filed this complaint against Orleans Parish Criminal Sheriff Marlin N. Gusman. In this lawsuit, plaintiff asserts various claims concerning the conditions of his confinement within the Orleans Parish Prison system and requests monetary damages. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[1]

Sheriff Gusman has filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56.[2] Plaintiff has opposed that motion.[3]

The Court may grant summary judgment when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "Procedurally, the party

---

[1] Rec. Doc. 14.

[2] Rec. Doc. 15.

[3] Rec. Doc. 19.

moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).

In this lawsuit, plaintiff asserts the following claims concerning his living conditions at the prison:

  1. His spoon is not sanitized or washed on a daily basis;

  2. There is insufficient toilet paper;

  3. There is dust everywhere;

  4. The telephone cannot be used to place calls to family members;

  5. There are rats and mice;

  6. There is inadequate soap and toothpaste available;

> 7. His drinking cup has not been sanitized;
>
> 8. Top bunks do not have safety rails;
>
> 9. The same menu is served all year; and
>
> 10. His legal mail is opened before it is given to him.

In his motion for summary judgment, Sheriff Gusman first argues that plaintiff's claims must be dismissed because he failed to exhaust his administrative remedies. The Prison Litigation Reform Act of 1995 ("PLRA"), as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to *all* inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002) (emphasis added). Exhaustion is *mandatory* in cases covered by § 1997e(a). Id. at 524.

In his complaint, plaintiff indicates that his claims were exhausted in A.R.P. numbers 607194, 607399, and 608241.[4] In connection with the motion for summary judgment, Sheriff Gusman submitted the prison records relating to those administrative complaints.[5]

In A.R.P. number 607194, plaintiff complained:

> LET RECORD REFLECT THAT THE LIVING CONDITION IN TENT #9 IS NOT GOOD. I CAN NOT SANITIZE THE SPOON I EAT WITH IT'S THE SAME EVERY DAY NOT BEING SANITIZE, 24 INMATES TO TWO ROLLS TOILET

---

[4] Rec. Doc. 1, p. 2.

[5] Rec. Doc. 15, Exhibit D.

3

PAPER, AND DUST IS EVERYWHERE ON THE FENCE, T.V., LIGHT FIXTURE, ETC. / H.O.D. HAS THE SAME PROBLEMS RATS, MICES, ETC; PLUS THE TELEPHONE SYSTEM DON'T CALLOUT TO ALL PHONE.

In A.R.P. number 607399, plaintiff complained:

ON 7-NOV-08 FRI; I FEEL OUT OF MY TOP BUNK AND HURT MY LOWER BACK AND LEFT SHOULDER, THE TOP BUNK SHOULDER HAVE A SAFTY RAIL, IT DOESN'T, NONE IN TENT #4 HAS A SAFETY RAIL, PLUS WHEN I WAS TRANSFERED TO TENT #4, I REQUESTED A BOTTOM BUNK BECAUSE OF MY SEIZURE DISORDER; THE LT. OF THE TENTS THAT GIVES INMATES THE ORIENTATION TOLD ME TO SLEEP ON THE FLOOR OR ASK THE INMATE TO GIVE ME A BOTTOM BUNK, HE KNOW THAT WASEN'T GOING TO WORK.

In A.R.P. number 608241, plaintiff complained:

TO: "SHERIFF" "MARLIN N. GUSMAN" THE IS MY "SECOND" GRIEVANCE TO "SHERIFF" GUSMAN ABOUT MY "LEGAL MAIL;" ON "19.NOV.08 WED" I RECEIVE "LEGAL MAIL" THAT WAS ALREADY OPEN, IT WAS FROM ATTORNEY "SAMUEL S. DALTON;

Based on the foregoing complaints, the Court finds that plaintiff adequately brought to the attention of prison officials the following claims: his spoon is not sanitized or washed on a daily basis; there is insufficient toilet paper; there is dust everywhere; the telephone cannot be used to place calls to family members; there are rats and mice; top bunks do not have safety rails; and his legal mail is opened before it is given to him. Sheriff Gusman nevertheless argues that those claims still cannot be considered "exhausted" because plaintiff failed to pursue A.R.P. numbers 607194, 607399, and 608241 through all *three* steps of the applicable grievance procedure. For the following reasons, the Court rejects that contention.

In connection with his motion for summary judgment, Sheriff Gusman provided a copy of the applicable grievance procedure. In pertinent part, that procedure provides:

> The inmate may use the A.R.P. form either to make a complaint or to ask for some service, such as a visit from a Chaplain or for information. If a complaint is being made, the A.R.P. form is treated as a "grievance" and will follow the three step procedure outlined below. *All other A.R.P. forms are classified "request for service" and proceed through the Step-One response only.*

Rec. Doc. 15, Exhibit B, "Grievance Resolution; Policy and Procedures," p. 2 (emphasis added).

In this case, prison officials classified A.R.P. numbers 607194, 607399, and 608241 as "requests for service." Further, in all three instances, the following notice appeared on the responses: "Notice to the inmate: You have filed a request for service (not a grievance). The response given below *completes the request for service procedure*." (Emphasis added) Because prison officials in their sole discretion chose to classify those complaints as requests for service (which are exhausted after one step) rather than as a true grievances (which require the completion of three steps for exhaustion), A.R.P. numbers 607194, 607399, and 60824 exhausted plaintiff's administrative remedies as to his claims regarding his spoon, the toilet paper, the dust, the telephone, the rodents, the lack of safety rails, and the opened mail.

On the other hand, it is clear that A.R.P. numbers 607194, 607399, and 608241 do not mention plaintiff's remaining claims regarding inadequate soap and toothpaste, his drinking cup, and the menu. If plaintiff filed no other grievances, then those three claims are not exhausted and are subject to dismissal on that basis.

Nevertheless, regardless of whether or not plaintiff's claims are exhausted, the Court finds that none of the claims may proceed for another reason. As is alternatively argued in the motion for summary judgment, plaintiff has not alleged that Sheriff Gusman was personally involved in causing the conditions being challenged.

5

"Personal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Further, "[p]laintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). In this case, plaintiff does not allege, much less provide any evidence to demonstrate, that Sheriff Gusman was personally involved in causing the challenged conditions.

Rather, plaintiff merely alleges that Sheriff Gusman is "the caretaker of all inmates in Orleans Parish Prison."[6] It is true that Sheriff Gusman is the nominal "keeper" of the jail and is the supervisory official ultimately responsible for its day-to-day operations. La.Rev.Stat.Ann. §§ 15:704[7] and 33:1435.[8] However, plaintiff does not allege, and there is no reason to believe, that Sheriff Gusman is personally responsible for providing the inmates with toilet paper, distributing their hygiene supplies, or personally participating in any of the other facets of their direct care challenged in this lawsuit. Moreover, while Sheriff Gusman is the supervisory official in charge of the prison system, that fact alone is not a basis to hold him liable for federal civil rights violations

---

[6] Rec. Doc. 1, p. 3.

[7] La.Rev.Stat.Ann. § 15:704 provides in pertinent part: "Each sheriff shall be the keeper of the public jail of his parish ...."

[8] La.Rev.Stat.Ann. § 33:1435(A) provides in pertinent part: "Each sheriff shall be keeper of the public jail of his parish ...."

of his subordinates under any theory of strict liability[9] or vicarious liability.[10]  Accordingly, plaintiff's individual-capacity claims against Sheriff Gusman must be dismissed.[11]

---

[9]  Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984) ("[T]here is no concept of supervisor strict liability under section 1983."); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996); Lacayo v. Louisiana, Civ. Action No. 08-4447, 2009 WL 278230, at *3 n.3 (E.D. La. Feb. 5, 2009).

[10]  An official cannot be held liable pursuant to 42 U.S.C. § 1983 under any theory of vicarious liability.  Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability.").

[11]  Moreover, although the merits of plaintiff's claims need not be addressed in order to grant the instant motion, the Court nevertheless notes that many of the claims asserted here clearly do not rise to the level of a constitutional violation.

Plaintiff's claim about dust at the prison is patently frivolous.  Admittedly, there is a point beyond which a prison cell's conditions are so filthy and unsanitary as to render them unconstitutional.  See, e.g., Gates v. Cook, 376 F.3d 323, 338 (5th Cir. 2004) (confinement in "'extremely filthy' [cells] with crusted fecal matter, urine, dried ejaculate, peeling and chipping paint, and old food particles on the walls" was unconstitutional).  However, dust falls well short of that point.  Simply because a cell is unpleasant or less sanitary than one would wish for his home does not render the conditions unconstitutional.  See Talib v. Gilley, 138 F.3d 211, 215 (5th Cir. 1998) ("[T]he Constitution does not mandate prisons with comfortable surroundings or commodious conditions.").

As to plaintiff's claim that there is inadequate soap and toothpaste available, the Constitution does not require that free hygiene supplies be provided to non-indigent inmates.  See Kennedy v. Gusman, Civ. Action No. 06-5274, 2007 WL 1302554, at *3 (E.D. La. May 2, 2007); Wilkerson v. Champagne, Civ. Action No. 03-1754, 2003 WL 22872106, at *3 (E.D. La. Nov. 28, 2003); Roach v. Kligman, 412 F.Supp. 521, 526-27 (E.D. Pa. 1976).  Plaintiff has not alleged that such items were either unavailable for purchase through the commissary or denied him during those periods when he had insufficient funds to purchase them.

Regarding plaintiff's claims that his spoon and drinking cup are not sanitized or washed on a daily basis, that fact, even if true, is not sufficiently serious to rise to the level of a constitutional violation.  See Wilkerson, 2003 WL 22872106, at *2; Jackson v. Griffith, No. 1:93-CV-424, 1995 WL 21939, at *4-5 (E.D. Tex. Jan. 10, 1995)  (Hines, M.J.) (claim regarding unsanitary food trays dismissed as frivolous), adopted, 1995 WL 313655 (Feb. 8, 1995) (Fisher, J.).

Plaintiff's claim that the same menu is served all year is likewise frivolous.  Although inmates must be provided well-balanced meals containing sufficient nutritional value to preserve health, a claim that prison food lacks variety and gastronomic appeal is not of constitutional dimension.  See, e.g., Jones v. Diamond, 636 F.2d 1364, 1378 (5th Cir. 1981) (diet consisting "mainly of starch and carbohydrates with few vegetables and fruits," while "likely dull," is not

Out of an abundance of caution, the Court further notes that plaintiff does not indicate that he is asserting an official-capacity claim against Sheriff Gusman. Nevertheless, even if that was plaintiff's intent, it is clear that he has not adequately stated such a claim. "In a suit brought against a municipal official in his official capacity, the plaintiff must show that the municipality has a *policy or custom* that caused his injury." Parm v. Shumate, 513 F.3d 135, 142 (5th Cir. 2007) (emphasis added), cert. denied, 129 S.Ct. 42 (2008). "A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003). Here, plaintiff does not allege that the purported deprivations claimed in this case resulted from an official

---

constitutionally inadequate), overruled on other grounds, International Woodworkers of America v. Champion International Corp., 790 F.2d 1174 (5th Cir. 1986); Riggins v. Lane, No. 90 C 3242, 1991 WL 128644, at *4 (N.D. Ill. Jul. 11, 1991); United States v. Michigan, 680 F.Supp. 270, 275 (W.D. Mich. 1988) ("Where food is prepared and served in a sanitary manner and is nutritionally adequate to maintain normal health, the fact that it is unappetizing will not, standing alone, state a constitutional claim.").

As to plaintiff's claim that his legal mail is opened before it is given to him, the United States Fifth Circuit Court of Appeals has clearly held that an inmate's constitutional rights are not violated by the mere fact that his legal mail is opened and read outside of his presence and without his consent. Brewer v. Wilkinson, 3 F.3d 816, 825 (5th Cir. 1999); see also Jones v. Mail Room Staff, 74 Fed. App'x 418, 419 (5th Cir. 2003).

Regarding the claim that top bunks do not have safety rails, that would at most be a negligence claim. Negligence claims are not actionable under 42 U.S.C. § 1983. Eason v. Thaler, 73 F.3d 1322, 1329 n.3 (5th Cir. 1996) ("[N]egligence is not a theory for which liability may be imposed under section 1983."); see also Baker v. McCollan, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."); Nesmith v. Taylor, 715 F.2d 194, 195 (5th Cir. 1983) ("It is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.").

policy or custom, much less identify such a policy or custom. Therefore, any official-capacity claim would fail in this case.[12]

Accordingly,

**IT IS ORDERED** that Sheriff Marlin N. Gusman's motion for summary judgment is **GRANTED** and that plaintiff's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this ninth day of June, 2009.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[12] Lastly, the Court notes that, although the defense was not raised by Sheriff Gusman, it appears that plaintiff's claims are also barred by 42 U.S.C. § 1997e(e), which provides: "No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." In this case, plaintiff has not alleged he has suffered any physical injury with respect to any of his claims.