UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JIMMIE L. CUMMINGS | CIVIL ACTION |
| VERSUS | NO. 09-144 |
| ORLEANS PARISH CRIMINAL SHERIFF MARLIN N. GUSMAN | SECTION: "I" (1) |

**O R D E R**

The above-captioned action was dismissed by Judgment entered on June 9, 2009. Plaintiff has now filed a motion for reconsideration. The United States Fifth Circuit Court of Appeals has held:

> While the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order. If the motion is filed within ten days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion.

Shepherd v. International Paper Co., 372 F.3d 326, 328 n.1 (5th Cir. 2004) (citations omitted). The instant motion was filed within ten days of the judgment and, therefore, will be considered under Rule 59(e).

A federal court has considerable discretion to grant or to deny a Rule 59(e) motion. See Edward H. Bohlin Co., Inc. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir. 1993). However, the Fifth Circuit has cautioned:

> A Rule 59(e) motion calls into question the correctness of a judgment. This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. Reconsideration of a judgment after its entry is an extraordinary remedy that should

be used sparingly.

Templet v. Hydrochem Inc., 367 F.3d 473, 478-79 (5th Cir. 2004) (citations, quotation marks, and brackets omitted).

Courts in this district hold that a moving party must satisfy at least one of the following criteria to prevail on a Rule 59(e) motion: (1) the motion is necessary to correct a manifest error of fact or law upon which the judgment is based; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law. See Jupiter v. BellSouth Telecommunications, Inc., Civ. Action No. 99-0628, 1999 WL 796218, at *1 (E.D. La. 1999); Burma Navigation Corp. v. M/V Reliant Seahorse, Civ. Action No. 94-0795, 1998 WL 781587, at *1 (E.D. La. 1998); Fields v. Pool Offshore, Inc., Civ. Action No. 97-3170, 1998 WL 43217, at *2 (E.D. La. 1998), aff'd, 182 F.3d 353 (5th Cir. 1999).

Plaintiff has failed to meet any of the enumerated criteria; rather, he is clearly attempting simply to assert and rehash evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Accordingly, plaintiff's motion for reconsideration is **DENIED**.

In his motion, plaintiff alternatively requests leave to amend his complaint. In that judgment has issued and the case is closed, it is obviously too late to amend the complaint. Accordingly, that request is likewise **DENIED**.

New Orleans, Louisiana, this twenty-third day of June, 2009.

DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE